581 F.Supp. 190 (1983)
Wendy STANTON, an infant, by her mother and next friend, Judy STANTON; Jonathan Bowles, an infant, by his guardian and next friend, Joyce Clark; on behalf of themselves and all other persons similarly situated, Plaintiffs,
v.
BOARD OF EDUCATION OF the NORWICH CENTRAL SCHOOL DISTRICT; Robert L. Cleveland, Superintendent of the Norwich Central School District; and Gordon Ambach, Commissioner of the New York State Education Department, Defendants.
No. 83-CV-736.
United States District Court, N.D. New York.
December 30, 1983.
*191 Legal Services of CNY, Inc., Protection and Advocacy Project, Syracuse, N.Y., for plaintiffs; Joanne Hunt Piersma, Syracuse, N.Y., of counsel.
Edward S. Nelson, Norwich, N.Y., for defendants Bd. of Educ. and Cleveland.
Robert Abrams, Atty. Gen. of N.Y., Albany, N.Y., for defendant Ambach; Lawrence L. Doolittle, Asst. Atty. Gen., Albany, N.Y., of counsel.

MEMORANDUM-DECISION and ORDER
MINER, District Judge.

I
This action involves the provision of educational services in New York State to handicapped school-age children with special educational needs. Plaintiffs assert claims pursuant to the Education for all Handicapped Children Act of 1975, 20 U.S.C. § 1401 et seq., § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the due process and equal protection clauses of the fourteenth amendment to the United States Constitution, and Article 89 of the N.Y. Education Law. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 20 U.S.C. § 1415 and the doctrine of pendent jurisdiction. Defendant Ambach now moves to dismiss the complaint for lack of subject matter jurisdiction, Fed.R. Civ.P. 12(b)(1), and the "Norwich" defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Also before the Court is plaintiffs' motion pursuant to Fed.R.Civ.P. 23 for class certification.

II
Plaintiff Wendy Stanton is an eight year old autistic child requiring special educational services. During the 1981-82 and 1982-83 ten month school years, Wendy attended an education program at the Children's Unit of the Department of Psychology at the State University of New York at Binghamton. Wendy was placed in that program by the Norwich Central School District Committee on the Handicapped. In the summer of 1982, Wendy attended a program which was run by the Broome Developmental Services in Norwich, New York.
Plaintiff Jonathan Bowles is a nine year old hyperactive and neurologically impaired child. He has severe problems with his speech and his gross motor skills. Jonathan also has attended the Binghamton program during the ten month school year for the past two years. Unfortunately, Jonathan was unable to locate a summer program in 1982 and, as a result, apparently lost much of the progress he achieved during the previous ten month school year.
On July 1, 1983, this Court heard oral argument on plaintiff's motion for a preliminary injunction requiring "defendants to immediately provide and/or ensure the provision of appropriate special education and related services to plaintiffs during the summer months of July and August." A hearing then was scheduled for July 5, 1983 to determine whether plaintiffs could establish the irreparable harm required for the granting of preliminary injunctive relief. Fed.R.Civ.P. 65; see, e.g., Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp., 719 F.2d 42 at 45 (2d Cir.1983). However, on the 5th of July, plaintiffs informed the Court that summer placements had been secured for each of the named infant plaintiffs, and that plaintiffs' motion for a preliminary injunction was withdrawn.
In light of plaintiffs having obtained summer placements, defendants now move to dismiss the complaint, contending there presently is no case or controversy before the Court. Additionally, the Norwich defendants maintain that the complaint fails to state a claim upon which relief can be granted, since they have not refused to provide, or arrange for, special educational services for these plaintiffs on a twelve month basis, and since the statutes upon which plaintiffs rely do not require the *192 provision of a twelve month program for all handicapped children.

III
Essentially, the contention advanced by defendants in support of their motions to dismiss the complaint is that plaintiffs, having obtained summer placements in 1983, may not seek declaratory or injunctive relief from this Court concerning New York's scheme for the funding of summer education programs for handicapped children. In other words, defendants maintain that no case or controversy presently exists between these parties. However, apart from this bald assertion, defendants have furnished not one scintilla of authority in support of their motions to dismiss this action.
In opposition to these motions, plaintiffs claim this action falls within the well established doctrine that a case will not be considered moot when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Securities and Exchange Commission v. Sloan, 436 U.S. 103, 109, 98 S.Ct. 1702, 1707, 56 L.Ed.2d 148 (1978) (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)) (emphasis by the Court). See also First National Bank of Boston v. Bellotti, 435 U.S. 765, 774-75, 98 S.Ct. 1407, 1414, 55 L.Ed.2d 707 (1978); Gerstein v. Pugh, 420 U.S. 103, 110, n. 11, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975); Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). However, plaintiffs' contention that this action falls into this narrow class of cases, also referred to as "capable of repetition, yet evading review," Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), must be viewed in light of the recent Supreme Court decision in City of Los Angeles v. Lyons, ___ U.S. ___, 103 S.Ct. 1660, 75 L.Ed.2d 675 (U.S. 1983).
In Lyons, plaintiff sued the City of Los Angeles, alleging that after being stopped for a traffic violation, and notwithstanding plaintiff's lack of resistance, city police officers placed plaintiff in a "chokehold" which rendered him unconscious and caused damage to his larynx. Leaving intact Lyons' claim for damages, the Court held there was no case or controversy before it with respect to plaintiff's claims for prospective injunctive and declaratory relief. In this regard, the Court stated:
In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner.
Id. at ___, 103 S.Ct. 1667 (emphasis in original).
The Lyons Court also relied, in part, on its earlier decision in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). In O'Shea, a class action was brought in which plaintiffs alleged they had been subjected to discriminatory enforcement of the criminal law. Again, plaintiffs' claims for prospective relief were found insufficient to establish an article III case or controversy. The Court rejected plaintiffs' claim of standing, since plaintiffs would not be subjected to the alleged discriminatory enforcement again unless they "proceed[ed] to violate an unchallenged law and if they were charged, held to answer, and tried in any proceedings before [defendants]." Id. at 497, 94 S.Ct. at 676 (emphasis in original). The Court assumed "that [plaintiffs would] conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct...." Id. Notwithstanding this restrictive approach to standing and justiciability when prospective relief is sought, this *193 Court concludes that, in the case at bar, a justiciable case or controversy is presented.
These infant plaintiffs are suffering from severe neurological handicaps. Moreover, there is no indication in the record that the problems encountered by these plaintiffs will not persist. In fact, all indications are to the contrary, as evidenced by plaintiffs' request, albeit premature, for 1984 summer programming.
Additionally, unlike the alleged unlawful conduct in Lyons and O'Shea, here the propriety of New York's established procedure for obtaining summer education funding for handicapped children[1] has been supported by the defendants. This Court has good reason to believe, therefore, that the challenged conduct will continue. In light of these circumstances, this Court finds that plaintiffs present a justiciable controversy over which the Court can exercise its jurisdiction, and defendants' motions in this regard must be denied. Having concluded that plaintiffs present a justiciable controversy, the Court will consider whether plaintiffs have stated a claim under the provisions of the Education for All Handicapped Children Act (hereinafter "EHCA") against the Norwich defendants.
The EHCA provides federal funding to state and local educational agencies in order to ensure the provision of special education services to handicapped children. Any state which satisfies certain eligibility requirements, 20 U.S.C. § 1412, then must submit a detailed State plan assuring compliance with the provisions of the EHCA before it can receive federal funding, 20 U.S.C. § 1413. Similarly, receipt of federal funds by a local educational agency, 20 U.S.C. § 1401(8),[2] such as the Norwich Central School District, requires adequate assurances that the objectives of the EHCA will be implemented. 20 U.S.C. § 1414.[3] With respect to the instant circumstances, another most significant aspect of the EHCA is the obligation which it imposes upon state and local educational agencies to develop for each child an "individualized *194 education program." 20 U.S.C. § 1401(19).[4]
The Norwich defendants' contention that plaintiffs' claim under the EHCA should be dismissed because defendants have not refused to provide a twelve month education is misplaced. Whether defendants, in fact, have refused to provide a twelve month program is not relevant to the instant motion to dismiss, which is addressed only to the sufficiency of the complaint. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1969) and cases cited therein.
Here, plaintiffs allege specifically that, although
[d]efendants Cleveland and the Board of Education have acknowledged that plaintiffs and all class members require twelve month programming, ... defendants Cleveland and the Board of Education have failed to provide or arrange for the provision of special educational services for the summer months on behalf of plaintiffs and all class members.
Complaint, para. 48. Taking this allegation as true, as it must on a motion addressed only to the sufficiency of the pleadings, Kugler v. Helfant, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); Fine v. City of New York, 529 F.2d 70 (2d Cir.1975), this Court concludes that plaintiffs have stated a claim under the provisions of the EHCA properly brought before the Court pursuant to 20 U.S.C. § 1415(e)(2).[5]See, e.g., Georgia Ass'n of Retarded Citizens v. McDaniel, 52 U.S.L.W. 2245 (11th Cir. Oct. 17, 1983) (state and local officials may not refuse to provide twelve month education program if required by child's particular needs); Crawford v. Pittman, 708 F.2d 1028 (5th Cir.1983); Battle v. Commonwealth of Pennsylvania, 629 F.2d 269 (3d Cir.1980). See, generally, Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).[6]
Finally, plaintiffs move pursuant to Fed.R.Civ.P. 23 for class certification of a class consisting of

*195 All handicapped school-aged persons residing within the jurisdiction of the Norwich Central School District who require or who may require a program of special education and related services in excess of 180 days per year, and the parents or guardians of such persons.
Affidavit of Joanne Piersma, sworn to Sept. 2, 1983, p. 2. In support of the motion, plaintiffs have attempted to establish compliance with the requirements of Fed.R.Civ.P. 23. Defendants, in opposition to the motion, contend principally that the requirement of numerosity is not satisfied here, since the number of class members is "believed" to be only about 25.
Although this Court doubts whether the numerosity requirement of Fed.R.Civ.P. 23(a)(1) is satisfied, the Court concludes that class action certification is not warranted in the instant circumstances under this circuit's well established "necessity" doctrine. Galvan v. Levine, 490 F.2d 1255 (2d Cir.1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974); Ruiz v. Blum, 549 F.Supp. 871, 878 (S.D.N.Y.1982); Domingo v. Toia, No. 77-CV-217, slip op. at 4 (N.D.N.Y. Aug. 24, 1977) (Foley, J.) ("My determination to deny class action certification is in accord with the expressions of District Judge Weinfeld in Feld v. Berger, 424 F.Supp. 1356, 1357 (S.D.N.Y. 1976) that class action designation is superfluous, that the defendants are responsible public officials, and it can be assumed without anxiety that any determination favoring named plaintiffs will apply to all persons similarly situated"); McDonald v. McLucas, 371 F.Supp. 831, 833-34 (S.D. N.Y.) (three-judge court), aff'd mem., 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974). There has been no suggestion in the case at bar that compliance with this Court's mandate would not be forthcoming should plaintiffs eventually prevail on the merits of their claim. For this reason, class certification is not warranted, and plaintiffs' motion in this regard will be denied.

IV
For the reasons indicated above, defendant Ambach's motion to dismiss the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), is denied. The motion of defendants Board of Education of the Norwich Central School District and Robert Cleveland to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), is denied, with leave to renew as to plaintiffs' claims under § 504 of the Rehabilitation Act of 1973, the due process and equal protection clauses of the fourteenth amendment to the United States Constitution, and Article 89 of the N.Y.Educ.Law.[7] Plaintiffs' motion for class certification also is denied.
It is so Ordered.
NOTES
[1] Plaintiffs object to New York's imposition upon the parents or guardians of handicapped children of the obligation first to locate a suitable summer education program and then to petition the Family Court for the necessary funding. A petition to the Family Court is made pursuant to § 236 of the Family Court Act. That section provides in part:

2. Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county ... wherein the child is domiciled at the time application is made to the court for such order.
[2] 20 U.S.C. § 1401(8) provides:

The term "local educational agency" means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or secondary schools in a city, county, township, school district, or other political subdivision of a State, or such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary or secondary schools. Such term also includes any other public institution or agency having administrative control and direction of a public elementary or secondary school.
[3] 20 U.S.C. § 1414 provides in relevant part:

(a) A local educational agency or an intermediate educational unit which desires to receive payments under section 1411(d) of this title for any fiscal year shall submit an application to the appropriate State educational agency. Such application shall 
(1) provide satisfactory assurance that payments under this subchapter will be used for excess costs directly attributable to programs which 
....
(C) establish a goal of providing full educational opportunities to all handicapped children, including 
....
(ii) the provision of, and the establishment of priorities for providing, a free appropriate public education to all handicapped children, first with respect to handicapped children who are not receiving an education, and second with respect to handicapped children, within each disability, with the most severe handicaps who are receiving an inadequate education....
(emphasis supplied).
[4] 20 U.S.C. § 1401(19) provides:

The term "individualized education program" means a written statement for each handicapped child developed in any meeting by a representative of the local educational agency or an intermediate educational unit who shall be qualified to provide, or supervise the provision of, specially designed instruction to meet the unique needs of handicapped children, the teacher, the parents or guardian of such child, and, whenever appropriate, such child, which statement shall include (A) a statement of the present levels of educational performance of such child, (B) a statement of annual goals, including short-term instructional objectives, (C) a statement of the specific educational services to be provided to such child, and the extent to which such child will be able to participate in regular educational programs, (D) the projected date for initiation and anticipated duration of such services, and (E) appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved.
[5] 20 U.S.C. § 1415(e) provides in part:

2) Any party aggrieved by the findings and decision made under subsection (b) of this section who does not have the right to an appeal under subsection (c) of this section, and any party aggrieved by the findings and decision under subsection (c) of this section, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.
Although plaintiffs have not sought the administrative relief provided in the statute and therefore have not exhausted their administrative remedies before filing suit as ordinarily required, see Quackenbush v. Johnson City School District, 716 F.2d 141 (2d Cir.1983), exhaustion is not necessary where use of the administrative procedure established by the EHCA would be futile. Crawford v. Pittman, 708 F.2d 1028, 1033 n. 17 (5th Cir.1983). According to plaintiff's complaint, such a pursuit would be futile here.
[6] Since the parties have confined their arguments to the questions of standing and of whether plaintiffs have stated a claim with respect to the provisions of the EHCA, the Court's consideration of plaintiffs' remaining claims will be deferred until such time as the merits of those claims properly have been briefed by the parties.
[7] The Norwich defendants have failed to provide the Court with arguments, briefs or authorities supporting their contentions as to these claims.